Hunt, J.,
delivered the opinion of the court:
The claimant, a colonel in the United States Army, was stationed at Fort Davis, in Texas, in command of the post, in March, 1876. On the 7th of that month leave of absence was granted him by order of the Secretary of War, for six months, with permission to apply for an extension of two months. On the 27th of March, 1876, after receiving this leave, he procured from the general commanding the department an order directing him to conduct two prisoners, one of whom was then at his *269 post, Fort Davis, and the other at Fort Stockton, to San Antonio, together with the papers pertaining to their cases. •
The claimant performed this duty, and on the 17th May following commenced to avail himself of his leave of absence.
On the 27th of the next October he returned to San Antonio,, and on the following day he reported to the Assistant Adjutant-General of the Department of Texas.
On the 26th of November, 1876, he reached Fort Davis and resumed duty as commander of the post. An interval of 28-days had then elapsed between his reporting at San Antonio' and his return to his station. During this interval he has been allowed half pay only by the Paymaster-General. He claims, to be entitled to full pay for the time, on the ground that the station to which he was required to return from leave was Sam Antonio and not Fort Davis; and he brings this suit to recover $175, the amount thus withhéld.
The Army regulations in force require that the expiration of' an officer’s leave “must find him at his station.” (Reg. 1863, par. 176.) His right to full pay depends on.a compliance with this requirement. The only question in this case is whether the-claimant’s proper station was San Antonio, where he commenced to enjoy his leave, after having performed the special duty to which he had been detailed by the general commanding the-department, or whether that station was Fort Davis, the post of which he was regularly in command when he was allowed, his leave of absence by the Secretary of War.
This question is determined' by considering the date and effect of the several orders to which the claimant was subject. His sole and proper station at the time his leave of absence was granted and conveyed • to him was Fort Davis. His right to ■ this leave was complete and immediate then and there. But when subsequently he was detailed to special and- temporary duty, by an officer authorized to make such detail, his leave of' absence became interrupted or suspended during the time required for such special duty. Its duration could neither be • increased nor diminished by an inferior authority. He was entitled to six months’ leave, and that, in the very words of the • order of the Secretary of War, was “ granted to Col. G. L. Andrews, Twenty-fifth Infantry (Fort Davis, Tex.).” Thus the-station of the claimant was as distinctly designated as the duration of his leave. Immediately after proceeding to San Antonio - *270 and delivering over Ms prisoners, be reverted to bis u status of leave of absence,” as it is termed in tbe General Orders No. 97, section III, No. 9. He became entitled to mileage from tbe place ■of tbe receipt of tbe order to the place of performance of tbe duty and to return mileage. But be did not become entitled to a change of bis proper station by tbe order to temporary duty, nor yet to full pay.
It is true that tbe claimant, on bis way back to bis station at Fort Davis, stopped at San Antonio and reported to tbe commanding general of the department. But be was neither assigned to nor performed any duty until be resumed bis command at Fort Davis.
If tbe proper station of an officer ordered to perform a temporary service while on leave of absence becomes changed to tbe place where such service terminated, tbe most inconvenient consequences might result to tbe officer and to tbe service. For example, in this instance tbe claimant might have been detailed to perform a special service ending at San Francisco instead of San Antonio. Being required by tbe regulations to be found at bis proper station, be would have been compelled, after spending Ms summer in New England, or some distant place, to repair all tbe way back to San Francisco at tbe termination of bis leave before-returning to bis command at Fort Davis.
It is therefore ordered, adjudged, and decreed that tbe claimant’s petition be dismissed.